UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5793-DMG (FFMx)** | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Linda Hassler v. The Talbots, Inc., et al.* | Page | 1 of 7 |

Present: The Honorable    **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs | Attorneys Present for Defendants |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS [15]**

    This matter is before the Court on Plaintiff's Motion to Remand and Request for Attorneys' Fees and Costs. [Doc. # 15 ("MTR").] For the reasons set forth below, the Motion to Remand is **GRANTED** and the Request for Attorneys' Fees and Costs is **DENIED**.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

    On April 11, 2019, Plaintiff Linda Hassler filed a Complaint in Los Angeles County Superior Court against Defendants The Talbots, Inc. ("Talbots") and Wendy Gomez ("Gomez"), a Talbots loss prevention manager. [Doc. # 1, Ex. A ("Complaint").] Hassler filed a first amended complaint on June 24, 2019. [Doc. # 1, Ex. C ("FAC").] The FAC alleges causes of action for: (1) disparate treatment in violation of the Fair Employment and Housing Act ("FEHA"); (2) discrimination in violation of FEHA California Government Code section 129040(j) based on race, color, national origin, and/or ancestry; (3) retaliation for complaining of discrimination in violation of FEHA; (4) failure to prevent discrimination and retaliation in violation of FEHA, Government Code section 12940(k); (5) violation of California Labor Code section 1102.5; (6) wrongful termination in violation of public policy; and (7) intentional infliction of emotional distress ("IIED").

    Hassler brings claims one through six against Talbots, and claim seven against all Defendants, including Gomez. *Id.* The FAC alleges that Hassler resides in Los Angeles County, Gomez resides in Los Angeles County, and Talbots is a citizen of Massachusetts and Delaware. FAC at ¶¶ 5, 6, 8, 10, 11; Notice of Removal [Doc. # 1] at ¶ 2.

    Hassler is Caucasian. *Id.* at ¶ 18. She alleges that during her employment with Talbots, Kesha Bey, an African-American subordinate employee, received preferential treatment even though Bey "was often tardy for work, took long breaks and lunches, and routinely failed to

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5793-DMG (FFMx)** | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Linda Hassler v. The Talbots, Inc., et al.* | Page | 2 of 7 |

clock in." *Id.* at ¶ 21-24. In October and November 2017, Hassler complained to Defendants of race discrimination. *Id.* at ¶¶ 23-25. In December 2017, Gomez and a Talbots Human Resources representative accused Hassler "of using store funds to buy potato chips; of bringing customers into the stockroom; of failing to clock in and out for lunch; and of failing to train her staff on clocking in and out." *Id.* at ¶ 27. Talbots then terminated Hassler's employment. Hassler claims that it did so on the basis of her race and in retaliation for making discrimination complaints. *Id.* at ¶ 28.

On July 3, 2019, Defendants removed this action from Los Angeles County Superior Court on the ground that Hassler fraudulently joined Gomez in order to defeat federal diversity jurisdiction. *See* Notice of Removal. Hassler filed the instant MTR on July 23, 2019.

## II.
## LEGAL STANDARD

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to a suit be of diverse citizenship. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806)) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability. However, a plaintiff seeking remand has the burden to prove that an express exception to removal exists." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (internal citations omitted.) "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-5793-DMG (FFMx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | Linda Hassler v. The Talbots, Inc., et al. | Page | 3 of 7 |

A defendant opposing remand may introduce evidence beyond the pleadings to establish fraudulent joinder. *Id.* (citing *McCabe*, 811 F.2d at 1339). But that defendant must "show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted); *see also Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1033 (C.D. Cal. 2016) (same).

## IV.
## DISCUSSION

Hassler contends that the Court lacks subject matter jurisdiction under 28 U.S.C. section 1332 because the parties are not completely diverse. Although Hassler and Gomez are California citizens, Defendants argues that the Court should disregard Gomez for diversity purposes because Plaintiff fraudulently joined her to avoid litigating in federal court. Defendants' principal arguments are that: (1) IIED claims against Gomez are preempted by the Worker's Compensation Act ("WCA"); (2) Gomez's conduct is protected by the managerial privilege; and (3) Gomez's conduct cannot rise to the level of extreme and outrageous behavior necessary to support a claim for IIED. Defendants further allege that Hassler's "*quid pro quo*" settlement offer is direct evidence of Gomez's fraudulent joinder.

### A.　Hassler's Offer to Dismiss Gomez Does Not Necessarily Demonstrate That Gomez is a Sham Defendant

Beginning with Hassler's "*quid pro quo*" offer, Defendants cite an email between Defendants' counsel and Hassler's counsel in which Hassler offered to dismiss Gomez from the suit in exchange for a promise that defendants would not remove the case to federal court. Defendants assert that Hassler's offer is evidence that she only intended to sue Gomez to destroy diversity. Regardless of whether Hassler's offer proves what Defendants claim it does, however, courts deciding fraudulent joinder motions generally do not take the parties' subjective intent into consideration. *See Rangel*, 200 F. Supp. 3d at 1030 (citing *McCabe*, 811 F.2d at 1339). Accordingly, whether Hassler *intended* to sue Gomez in good faith or included her in the litigation simply to destroy complete diversity, the Court shall not deny Hassler's MTR based on her counsel's email.

**B.   California's Workers Compensation Act Does Not Necessarily Preempt IIED Claims Based on Discrimination**

Hassler argues that Gomez can be held personally liable for IIED despite the WCA's general preemption principles because Gomez's actions were discriminatory, and therefore outside of the normal employment relationship. MTR at 9, 12-13; FAC ¶ 26-27. Defendants appear to acknowledge that the WCA does not always bar IIED claims against plaintiffs' supervisors. *See* Opp. at 15.

The WCA provides that it shall be the exclusive remedy for claims of IIED based on actions taken within the context of the employment relationship. *Carlos v. Old Dominion Freight Line, Inc.*, 726 F. App'x 576, 579 (9th Cir. 2018); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal. 3d 148, 233 (1987); Cal. Lab. Code § 3600 *et seq*. WCA preemption applies even when an employer's intentional actions within the employment relationship are "calculated to cause severe emotional disturbance." *Gantt v. Sentry Ins.*, 1 Cal. 4th 1083, 1099 (1992), *overruled on other grounds by Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66 (1998).

Yet, "where the plaintiff has contended that the employer's conduct is outside the normal risks of the employment relation, claims for emotional distress are not preempted by the WCA." *Onelum v. Best Buy Stores L.P.,* 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013). Actions within "the normal part of the employment relationship" do not encompass all conduct that occurs on the job. *Id.* (citation omitted). California law permits separate, non-WCA civil actions "if the conduct of the employer has a 'questionable' relationship to the employment or where the employer steps out of his proper role." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1180 (N.D. Cal. 2003) (quoting *Cole*, 43 Cal. 3d at 160).

Courts have established "no bright line test in determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain." *Onelum*, 948 F. Supp. 2d at 1055 (quoting *Calero,* 271 F. Supp. 2d at 1180). Accordingly, gauging whether an IIED claim arises from actions within the "normal part of the employment relationship," and is therefore preempted by the WCA, is a "heavily fact intensive" inquiry into "the nature of defendants' conduct and whether it is so far out of the normal risks of the employment relationship as to be beyond the reach of Workers' Compensation." *Calero,* 271 F. Supp. 2d at 1181. That analysis, however, requires district courts to "resolve ambiguities in the controlling state law in favor of the non-removing party when evaluating fraudulent joinder." *Onelum*, 948 F. Supp. 2d at 1055.

UNITED STATES DISTRICT COURT        JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5793-DMG (FFMx)** | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Linda Hassler v. The Talbots, Inc., et al.* | Page | 5 of 7 |

Thus, if after further factual development, a court determines that Defendants terminated Hassler based on discrimination and false accusations, Hassler's claims may exceed the normal scope of the employer-employee relationship and survive WCA preemption. The Court therefore concludes that it is *possible* for Hassler to state a claim for IIED against Gomez that survives WCA preemption so long as she alleges discriminatory conduct which goes beyond the normal employment relationship.

### C.  Managerial Activity Can Constitute Extreme and Outrageous Conduct

Defendants also argue that, whether or not the WCA bars Hassler's IIED claim, the claim must still fail because it is premised on conduct for which Gomez enjoys the managerial privilege. Opp. at 15-16, 8-10. They contend that Gomez's "role in the investigation of Plaintiff's management of the store . . . and Plaintiff's subsequent termination" is privileged conduct and thus cannot support an IIED claim against Gomez. Opp. at 11-12.

To support their position, Defendants cite *Janken v. GM Hughes Electronics,* which held that "[i]f personnel management decisions are improperly motivated, the remedy is a suit against the employer for discrimination." 46 Cal. App. 4th 55, 80 (1996); *see also Walker v. Boeing Corp.*, 218 F. Supp. 2d 1170, 1190 (C.D. Cal. 2002) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress.").

Many courts have held, however, that a manager's actions that go beyond normal personnel management decisions *can* give rise to IIED claims. *Corona v. Quad Graphics Printing Corp.*, 218 F. Supp. 3d 1068, 1074 (C.D. Cal. 2016) ("Defendant cites *Janken* . . . for the proposition that IIED claims are baseless as they relate to supervisory activity such as job assignments, transfers and termination. Defendants' argument is unpersuasive. While termination is not alone sufficient to satisfy the standard for extreme and outrageous conduct, [w]here the behavior goes beyond the act of termination . . . the court [must] determine whether on the evidence severe emotional distress can be found.") (internal citations and quotations omitted); *Onelum*, 948 F. Supp. 2d at 1053 ("Terminating an employee is not alone sufficient to satisfy the standard for extreme and outrageous conduct," but "[w]here behavior goes beyond the act of termination . . . it is for the court to determine whether on the evidence severe emotional distress can be found."); *Calero*, 271 F. Supp. 2d at 1178 ("There is no authority for the

UNITED STATES DISTRICT COURT                JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-5793-DMG (FFMx)** | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Linda Hassler v. The Talbots, Inc., et al.* | Page | 6 of 7 |

proposition that someone in [the manager's] position may not be liable in tort for the intentional infliction of emotional distress providing all of the elements of that tort are satisfied.").[1]

Thus, Hassler can state a claim for IIED against Gomez based on personnel management decisions, so long as she can allege facts showing that Gomez's conduct went "beyond the act of termination" or is "outside the bounds of conduct tolerated by a decent society." *See Onelum*, 948 F. Supp. 2d at 1053; *Calero*, 271 F. Supp. 2d at 1178.

**D.     Hassler Would Likely Be Granted Leave to Amend Her Complaint**

Finally, Defendants argue that, as a practical matter, Hassler *cannot* allege facts that overcome the managerial privilege and support a claim for IIED against Gomez. Opp. at 9-15. The Court agrees that Hassler's FAC, as it currently appears, contains insufficient facts to plausibly allege that Gomez took any egregious steps outside of her role as Talbots' regional loss prevention manager. That shortcoming means that, as pled, her IIED allegations likely fail to state a claim against Gomez.

But, as stated above, "[r]emand must be granted unless the defendant shows that the plaintiff *would not be afforded leave to amend [her] complaint to cure the purported deficiency*." *Rangel*, 200 F. Supp. 3d at 1033 (emphasis added); *see also Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018) ("[T]he district court must consider, as it did in this case, whether a deficiency in the complaint can *possibly* be cured by granting the plaintiff leave to amend.") (emphasis added). California courts, like federal courts, employ a generous amendment standard. *See Howard v. Cty. of San Diego*, 184 Cal. App. 4th 1422, 1428 (2010) (stating that a California "court's discretion will usually be exercised liberally to permit amendment of the pleadings"). Given that standard, Defendants have not shown that Hassler would be unable to cure the factual deficiencies in her IIED claim against Gomez by alleging new or different facts in the likely event she receives leave to amend. Nor have Defendants shown that such leave would be denied or would be futile simply because Hassler already amended her Complaint once before. *See* Opp. at 18. Indeed, other courts have held that

---

[1] At the very least, California law is not entirely settled on the question of whether a defendant can apply this privilege to IIED under these circumstances. *See Onelum* 948 F. Supp. 2d at 1052 ("It is questionable whether Defendants' 'managerial privilege' theory could be asserted with respect to an intentional infliction of emotional distress claim."). Such ambiguity in state law also counsels in favor of remand. *Luther*, 533 F.3d at 1034 ("and any doubt is resolved against removability"); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002) ("When there are real ambiguities among the relevant state law authorities, federal courts that are considering motions to remand should avoid purporting to decide how state courts would construe those authorities.").

UNITED STATES DISTRICT COURT　　JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 19-5793-DMG (FFMx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | *Linda Hassler v. The Talbots, Inc., et al.* | Page | 7 of 7 |

plaintiffs may obtain leave to amend even when, like Hassler, an existing amended complaint did not cure the material deficiencies related to the plaintiff's motion to remand. *See Rangel*, 200 F. Supp. 3d at 1034 n.5.

In sum, since no settled California law conclusively bars Hassler's claim against Gomez, and because California courts may grant her further leave to cure the pleading deficiencies in her FAC, remand is appropriate.

## V.
## REQUEST FOR ATTORNEYS' FEES AND COSTS

Hassler seeks $6,300 in attorney's fees and costs pursuant to 28 U.S.C. section 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). A district court may award attorneys' fees under section 1447(c) only when removing defendants "lack[] an objectively reasonable basis for seeking removal." *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F. 3d 1062, 1065 (9th Cir. 2008).

Although Defendants have failed to show removal is proper here, they did not lack an objectively reasonable basis for removing the case and opposing Plaintiff's Motion. Therefore, the Court **DENIES** Plaintiff's request for attorneys' fees and costs.

## VI.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's Requests for Attorneys' Fees and Costs. Given the Court's ruling on this motion, Defendants' pending Motion to Dismiss [Doc. # 12] is **DENIED**, without prejudice, as moot. The case is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**